UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MAZELLA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>G. PUENTES,<br><br>　　　　Respondent. | No.  1:19-cv-00252-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 12, 13) |

Petitioner Joseph Mazella is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.

On March 23, 2020, respondent moved to dismiss the petition based on a "lack of Article III standing, ripeness, mootness, failure to exhaust administrative remedies, and statutorily for lack of jurisdiction."  (Doc. No. 12.)  On May 15, 2020, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss be granted and that the court dismiss the pending petition as moot because "the relief petitioner sought has already been granted to him, [and] he has stated no injury that could be redressed by this court."  (Doc. No. 13 at 4.)  In particular, the magistrate judge found that the relief petitioner sought in his petition—an order awarding him 54 days of good time credit under the First Step Act and Second Chance Act and

1

releasing him to community confinement—had already been obtained because he received those good time credits and was released to community confinement earlier this year. (*Id.* at 3–4.)

The pending findings and recommendations were served by mail on petitioner at his address of record on May 15, 2020 and contained notice that any objections thereto were to be filed within thirty (30) days of service. (*Id.* at 5.) On May 27, 2020, that service copy of the findings and recommendations was returned to the court as "undeliverable, RTS-refused." Petitioner was required by rule to file a notice of change of address with this court by August 3, 2020, and he did not do so. No objections to the pending findings and recommendations have been filed with the court, and the time for doing so has expired. Petitioner has also failed to file a notice of change of address with the court as required, or otherwise communicate with the court regarding this action following the issuance of the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court concludes the findings and recommendations to be supported by the record and proper analysis. Accordingly, respondent's motion to dismiss the pending petition as moot will be granted.

Additionally, the court declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). The court will issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find the court's decision to dismiss the petition as having been rendered moot to be debatable or conclude that the petition should proceed further. Thus, the court declines to issue a certificate of appealability.

/////

Accordingly,

1. The findings and recommendations issued on May 15, 2020 (Doc. No. 13) are adopted in full;
2. Respondent's motion to dismiss the pending petition (Doc. No. 12) is granted;
3. The petition for writ of habeas corpus is dismissed as having been rendered moot;
4. The court declines to issue a certificate of appealability; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **August 20, 2020**

UNITED STATES DISTRICT JUDGE